**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**JOEY FRANCILUS,**

**Plaintiff,**

**v.** **CASE NO:**

**ACLU OF FLORIDA,**

**Defendant.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOEY FRANCILUS, (hereinafter "Plaintiff" or "Mr. Francilus"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ACLU OF FLORIDA (hereinafter "Defendant," or "ACLU of Florida") and alleges:

**INTRODUCTION**

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on sex/gender and national origin, and for retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; for discrimination and retaliation

on the basis of race in violation of 42 U.S.C. § 1981, Equal rights under the law; and for discrimination based on sex/gender and national origin, and retaliation, in violation of Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his sex/gender, national origin, and race, subjected him to a hostile work environment, and retaliated against him for opposing discriminatory practices, culminating in the unlawful termination of his employment, in violation of his rights under Title VII, 42 U.S.C. § 1981, and the FCRA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Miami-Dade County, Florida.

## PARTIES

8. Plaintiff is a Black Haitian American male.

9. Plaintiff is a member of a class protected against discrimination

and retaliation based on his sex/gender, national origin, and race under Title VII, 42 U.S.C. § 1981, and the FCRA.

10. During the period from July 16, 2018, until August 11, 2025, Defendant employed Plaintiff.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, 42 U.S.C. § 1981, and the FCRA.

13. The Defendant, ACLU OF FLORIDA, is a nonprofit organization with a principal place of business located at 4343 W. Flagler Street, Suite 400, Miami, Florida 33134.

14. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Miami-Dade County, Florida, and employed more than fifteen (15) employees.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, 42 U.S.C. § 1981, and the FCRA.

16. Accordingly, Defendant is liable under Title VII, 42 U.S.C. § 1981, and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On March 5, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on national origin and sex, and retaliation (EEOC Charge No. 510-2025-11707).

19. On August 20, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 510-2025-11707) against Defendant.

20. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22. Plaintiff Joey Francilus is a Black Haitian American male.

23. Plaintiff is a graduate of the University of Miami, where he earned a Bachelor of Arts in International Studies, and of the Columbia University Graduate School of Journalism, where he earned a Master of Science in Journalism. Prior to his employment with Defendant, Plaintiff worked for more than a decade in journalism and digital media.

24. On July 16, 2018, Defendant hired Plaintiff as a Digital Media Associate at its Miami office located at 4343 W. Flagler Street, Suite 400, Miami, Florida 33134.

25. In or about July 2022, Defendant promoted Plaintiff to the position of Digital Strategist.

26. As Digital Strategist, Plaintiff single-handedly managed Defendant's social media presence across seven platforms and served as the webmaster for the organization's website. Plaintiff's final annual salary was $82,000.00.

27. From January 2023 until his termination, Plaintiff reported to Communications Director Gaby Guadalupe.

28. Throughout his approximately seven-year tenure with

Defendant, Plaintiff was the only Black man working in Defendant's communications department.

29. Throughout Plaintiff's approximately seven-year tenure with Defendant, no Black man was promoted from junior staff to senior, director-level staff.

30. In or about 2023, Defendant posted an opening for the position of Deputy Communications Director. Plaintiff applied for the position. Rather than promote Plaintiff, Defendant selected an outside candidate for the role.

31. In or about 2024, Defendant hired Keisha Mulfort, a female, as a Senior Communications Strategist. At that time, Plaintiff had been employed by Defendant for approximately six years.

32. In or about April and May 2025, Defendant again posted the position of Deputy Communications Director internally. Both Plaintiff and Ms. Mulfort applied for the position, and both were interviewed on May 16, 2025.

33. In his application materials for the position, Plaintiff noted that if he were promoted, he would be the first Black man, and the first Haitian American, to be promoted from junior staff to a director-level position

during his tenure with the organization.

34. In or about May 2025, Defendant selected Ms. Mulfort for the Deputy Communications Director position. At that time, Ms. Mulfort had been employed by Defendant for approximately one year, while Plaintiff had been employed by Defendant for approximately seven years.

35. Had Plaintiff been selected for the Deputy Communications Director position, he would have been the first Black man and first Haitian American man promoted from junior staff to senior staff during his tenure with the organization.

36. Following Defendant's decision to promote Ms. Mulfort over him, Plaintiff complained about the discriminatory nature of the hiring process by email to the hiring staff, stating that the process and the hiring reflected discriminatory practices and would create a hostile working environment.

37. In or about May 2025, Plaintiff met with Defendant's Executive Director, Bacardi Jackson. During that meeting, Plaintiff told Ms. Jackson that the fact that no Black man had been promoted to a director-level position during his seven-year tenure was a diversity issue that needed to be addressed.

38. In response, Ms. Jackson told Plaintiff, in substance, that if he did not like Ms. Mulfort's promotion over him, he could work elsewhere.

39. Defendant conducted no investigation into Plaintiff's complaints of discrimination.

40. Following Ms. Mulfort's promotion, Defendant assigned Ms. Mulfort to serve as Plaintiff's direct supervisor, notwithstanding that she had competed against Plaintiff for the same position.

41. Ms. Mulfort told Plaintiff, in substance, that if he did not do things her way, she was going to make his life a living hell. Ms. Mulfort thereafter created additional tasks for Plaintiff on top of his existing workload and made Plaintiff feel unsafe in the workplace.

42. Between May 2025 and August 11, 2025, Defendant subjected Plaintiff to a series of disciplinary actions, culminating in a final written warning and his termination.

43. On August 11, 2025, the day Plaintiff returned from vacation, Defendant required Plaintiff to attend a termination meeting. Plaintiff requested a delay because he was unable to reach his union representative, but the meeting proceeded, and his union representative appeared only at the last minute.

44. On August 11, 2025, Defendant terminated Plaintiff's employment.

45. Defendant's stated reason for terminating Plaintiff's employment was pretextual. The true motivating factors for Plaintiff's termination were unlawful discrimination based on Plaintiff's sex/gender, national origin, and race, and unlawful retaliation for Plaintiff's opposition to Defendant's discriminatory practices.

46. Within approximately two weeks of Plaintiff's termination, Defendant hired a younger, less-experienced individual to perform Plaintiff's job duties.

47. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered damages including lost wages, lost benefits, lost career advancement, emotional distress, mental anguish, and harm to his professional reputation.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## Sex/Gender Discrimination

48. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a male and, therefore, a member of a protected class

under Title VII.

50. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

51. At all times material, Plaintiff was qualified for his position and for the Deputy Communications Director position, and performed the essential functions of his job.

52. Defendant discriminated against Plaintiff because of his sex when it denied him promotion to the Deputy Communications Director position and instead selected a female employee with substantially less tenure, and when it subjected him to different terms and conditions of employment and terminated his employment.

53. Defendant treated a similarly situated employee outside Plaintiff's protected class more favorably when it promoted Ms. Mulfort, a female, to the Deputy Communications Director position over Plaintiff.

54. Plaintiff's sex was a motivating factor in Defendant's decision to deny him promotion, to subject him to different terms and conditions of employment, and to terminate his employment.

55. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

56. As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## National Origin Discrimination

57. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

58. Plaintiff is Haitian American and, therefore, a member of a protected class under Title VII.

59. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

60. At all times material, Plaintiff was qualified for his position and for the Deputy Communications Director position, and performed the essential functions of his job.

61. Defendant discriminated against Plaintiff because of his

national origin when it denied him promotion to the Deputy Communications Director position, when it subjected him to different terms and conditions of employment, and when it terminated his employment.

62. During Plaintiff's approximately seven-year tenure with Defendant, no Haitian American man was promoted from junior staff to a director-level position.

63. Plaintiff's national origin was a motivating factor in Defendant's decision to deny him promotion, to subject him to different terms and conditions of employment, and to terminate his employment.

64. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

65. As a direct and proximate result of Defendant's unlawful national origin discrimination, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## Retaliation

66. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

67. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of Title VII.

68. Plaintiff engaged in protected activity under Title VII by opposing discrimination in the workplace, including by complaining in writing to Defendant's hiring staff that the promotion process reflected discriminatory practices and would create a hostile working environment, and by complaining to Defendant's Executive Director that the absence of any Black man promoted to a director-level position during his tenure was a diversity issue that needed to be addressed.

69. Defendant knew of Plaintiff's protected activity.

70. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including heightened scrutiny, disciplinary actions, a hostile work environment, and the termination of his employment on August 11, 2025.

71. There is a causal connection between Plaintiff's protected

activity and Defendant's materially adverse actions, including the close temporal proximity between Plaintiff's complaints and the adverse actions.

72. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

73. Defendant retaliated against Plaintiff because he opposed conduct made unlawful by Title VII.

74. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1981**
**Race Discrimination**

75. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

76. 42 U.S.C. § 1981, Equal rights under the law, makes it unlawful to discriminate against any individual in the making, performance,

modification, and termination of contracts, and in the enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship, including the terms, conditions, or privileges of employment, on the basis of that person's race.

77. Plaintiff is a Black man and a member of a protected class protected by 42 U.S.C. § 1981 from discrimination based on his race.

78. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S.C. § 1981.

79. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race, including the denial of promotion to the Deputy Communications Director position, the imposition of different terms and conditions of employment, and the termination of Plaintiff's employment.

80. During Plaintiff's approximately seven-year tenure with Defendant, no Black man was promoted from junior staff to a director-level position.

81. Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, or

privileges of his employment with Defendant.

82. Defendant fostered, condoned, accepted, ratified, and/or otherwise failed to prevent or remedy discriminatory conduct because of race.

83. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

84. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life; and (d) other economic losses proximately caused and allowable under 42 U.S.C. § 1981, according to proof.

85. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S.C. § 1981 for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, punitive

damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

**COUNT V**
**VIOLATION OF 42 U.S.C. § 1981**
**Retaliation**

86. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

87. 42 U.S.C. § 1981 prohibits retaliation against an individual because that individual has opposed race discrimination in the making, performance, modification, and termination of contracts, including the employment relationship.

88. Plaintiff engaged in protected activity when he opposed race discrimination in the workplace, including by complaining in writing to Defendant's hiring staff that the promotion process reflected discriminatory practices and would create a hostile working environment, and by complaining to Defendant's Executive Director that the absence of any Black man promoted to a director-level position during his tenure was a diversity issue that needed to be addressed.

89. Defendant knew of Plaintiff's protected activity.

90. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including heightened scrutiny, disciplinary actions, a hostile work environment, and the termination of his employment on August 11, 2025.

91. There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions, including the close temporal proximity between Plaintiff's complaints and the adverse actions.

92. Defendant's retaliation was knowing and intentional.

93. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

94. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, past and future; lost earning capacity; emotional distress; mental anguish; humiliation; and other economic and noneconomic losses proximately caused and allowable under 42 U.S.C. § 1981, according to proof.

95. Defendant's unlawful retaliatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S.C. § 1981 for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

**COUNT VI**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Sex/Gender Discrimination**

96. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

97. Plaintiff is a male and, therefore, a member of a protected class under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.

98. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of the FCRA.

99. At all times material, Plaintiff was qualified for his position and for the Deputy Communications Director position, and performed the essential functions of his job.

100. Defendant discriminated against Plaintiff because of his sex when it denied him promotion to the Deputy Communications Director position and instead selected a female employee with substantially less

tenure, when it subjected him to different terms and conditions of employment, and when it terminated his employment.

101. Defendant treated a similarly situated employee outside Plaintiff's protected class more favorably when it promoted Ms. Mulfort, a female, to the Deputy Communications Director position over Plaintiff.

102. Plaintiff's sex was a motivating factor in Defendant's decision to deny him promotion, to subject him to different terms and conditions of employment, and to terminate his employment.

103. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

104. All conditions precedent to bringing this action under the FCRA have been satisfied, including the timely filing of an administrative charge and the receipt of all required notices.

105. As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as

permitted by law, and such other relief as the Court deems just and proper.

**COUNT VII**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**National Origin Discrimination**

106. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

107. Plaintiff is Haitian American and, therefore, a member of a protected class under the Florida Civil Rights Act.

108. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of the FCRA.

109. At all times material, Plaintiff was qualified for his position and for the Deputy Communications Director position, and performed the essential functions of his job.

110. Defendant discriminated against Plaintiff because of his national origin when it denied him promotion to the Deputy Communications Director position, when it subjected him to different terms and conditions of employment, and when it terminated his employment.

111. During Plaintiff's approximately seven-year tenure with Defendant, no Haitian American man was promoted from junior staff to a director-level position.

112. Plaintiff's national origin was a motivating factor in Defendant's decision to deny him promotion, to subject him to different terms and conditions of employment, and to terminate his employment.

113. Defendant's stated reasons for its actions were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions.

114. All conditions precedent to bringing this action under the FCRA have been satisfied, including the timely filing of an administrative charge and the receipt of all required notices.

115. As a direct and proximate result of Defendant's unlawful national origin discrimination, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

**COUNT VIII**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Retaliation**

116. Plaintiff re-alleges and incorporates by reference Paragraphs 1

through 47 as though fully set forth herein.

117. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of the FCRA.

118. Plaintiff engaged in protected activity under the FCRA by opposing discrimination in the workplace, including by complaining in writing to Defendant's hiring staff that the promotion process reflected discriminatory practices and would create a hostile working environment, and by complaining to Defendant's Executive Director that the absence of any Black man promoted to a director-level position during his tenure was a diversity issue that needed to be addressed.

119. Defendant knew of Plaintiff's protected activity.

120. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including heightened scrutiny, disciplinary actions, a hostile work environment, and the termination of his employment on August 11, 2025.

121. There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions, including the close temporal proximity between Plaintiff's complaints and the adverse actions.

122. Defendant's stated reasons for its actions were false, pretextual,

insufficient, selectively enforced, and/or not the real reasons for its actions.

123. Defendant retaliated against Plaintiff because he engaged in activity protected by the FCRA.

124. All conditions precedent to bringing this action under the FCRA have been satisfied, including the timely filing of an administrative charge and the receipt of all required notices.

125. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay or reinstatement, compensatory damages, prejudgment interest, post-judgment interest, taxable costs, reasonable attorneys' fees as permitted by law, and such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 4th day of September, 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033

**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com
Attorneys for Plaintiff